UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clement J. Wells, #23792,<br>a/k/a Clement Jeremiah Wells,<br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>People Funeral Home,<br>Erica Brooks, Brandon Wells,<br>Nicholas Wells, Lauren Nicole Wells,<br>　　　　　　　　　　Defendants.<br>_____ | ) C/A No. 4:24-5207-JD-TER<br>)<br>)<br>)<br>)<br>) ORDER<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff is proceeding *pro se* and *in forma pauperis*. Plaintiff is attempting to sue on behalf of deceased Brenda Lee Cary Wells' estate. (ECF No. 1 at 1). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District Court of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**Motion to Appoint**

Out of an abundance of caution, the court previously provided an opportunity for the Estate at issue to obtain counsel, while noting it was likely this court had no subject matter jurisdiction over the Complaint as presented by *pro se* relative of deceased. (ECF No. 6). Plaintiff has moved for appointment of counsel. (ECF No. 11). There is no constitutional right to counsel in a civil case. While the court has discretion to request appointment of counsel for an indigent in a civil action, such appointment "should be allowed only in exceptional cases." 28 U.S.C. 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1975); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). A finding of exceptional circumstances turns on the type and complexity of the case, and the abilities of the individual bringing it. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984), *abrogated on other grounds by, Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa,* 490 U.S. 296 (1989). Recently, the Fourth Circuit explained that a district court must conduct a fact specific inquiry in analyzing whether a case presents exceptional circumstances: (1) whether the plaintiff has a colorable claim, and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff "lacks the capacity to present it." *Jenkins v. Woodard*, No. 22-6197, 2024 WL 3490967, at *4 (4th Cir. July 31, 2024)(published). This same day, this action was recommended for summary dismissal for lack of subject matter jurisdiction; thus, the first factor is unable to be met. There are no exceptional circumstances for appointment of counsel. Plaintiff's motion is denied. (ECF No. 11).

**TO THE CLERK OF COURT:**

The above-captioned case is subject to summary dismissal. Hence, the Office of the Clerk of Court is directed *not* to issue any summons at this time in the above-captioned case, unless instructed by a United States District Judge or a Senior United States District Judge to do so.

**TO PLAINTIFF:**

Plaintiff must place the civil action number listed above on any document provided to the Court provided in connection with this case. Any future filings **must be sent to the address below.** All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting. *Pro se* litigants, such as Plaintiff, shall not use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this Court, Plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. Plaintiff is further instructed not to write to the edge of the paper, but to maintain one-inch margins on the top, bottom, and sides of each paper submitted.

Plaintiff is a *pro se* litigant. Plaintiff's attention is directed to the following important notice:

You are ordered to always keep the Clerk of Court advised **in writing** (**Post Office Box 2316, Florence, South Carolina 29503)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, your case may be dismissed for violating this Order. Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket numbers of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

IT IS SO ORDERED.

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

November 15, 2024  
Florence, South Carolina