IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clement J. Wells, #23792, a/k/a *Clement Jeremiah Wells*, <br><br> Plaintiff, <br><br> vs. <br><br> People Funeral Home, Erica Brooks, Brandon Wells, Nicholas Wells, Lauren Nicole Wells, <br><br> Defendants. | Case No.: 4:24-cv-05207-JD-TER <br><br><br><br> **ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 14), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's review of Plaintiff Clement J. Wells, #23792, a/k/a Clement Jeremiah Wells's ("Plaintiff" or "Wells") pleadings.[1] (DE 14.)

**A. Background**

Wells, proceeding *pro se*, brought this action under 42 U.S.C. § 1983.[2] Plaintiff alleges that although he refused to agree to cremation of his deceased relative,

---

[1]   The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2]   Although Plaintiff brought this action under 42 U.S.C. § 1983, there are no state actors involved and no constitutional rights at issue.

1

Brenda Lee Cary Wells, People Funeral Home, Erica Brooks, Brandon Wells, Nicholas Wells, and Lauren Nicole Wells (collectively "Defendants") cremated her anyway. (DE 1 at 6-7.) Plaintiff alleges his request for relief is monetary damages for several organs of his mother being "taken." (*Id.* at 7.)

Although Plaintiff is suing Defendants on behalf of Brenda Lee Cary Wells' estate (*id.* at 1), Plaintiff does not allege that he has been named personal representative or administrator of Ms. Wells's estate. While noting that jurisdiction was unlikely, out of an abundance of caution, an opportunity was given for the Estate to obtain an attorney. (DE 6.) Plaintiff instead filed a motion "to stress my need to retain district court's pro bono counsel that is set aside." (DE 11 at 1.) The motion was denied in the order filed on November 15, 2024. (DE 13.)

### B. Report and Recommendation

On November 15, 2024, the Magistrate Judge issued the Report recommending that Plaintiff's case be dismissed. (DE 14.) The Report found that this Court lacks subject matter jurisdiction. Regarding federal question jurisdiction, Plaintiff did not state any claim based on federal law. As to diversity jurisdiction, all parties are residents of South Carolina. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978) (complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side). Plaintiff did not object to the Report.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby*

2

*v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Since Wells has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 14) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's case is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 21, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.